SAMUEL IRVINE AND PETER FORBES, PLAINTIFFS, *v.* HERMAN J. REDFIELD, LATE COLLECTOR OF THE CUSTOMS OF THE UNITED STATES AT THE PORT OF NEW YORK.

The duties upon foreign merchandise are to be computed on their value on the day of the sailing of the vessel from the foreign port. (See 20 Howard, 571.)

THIS case came up from the Circuit Court of the United States for the southern district of New York, upon a certificate of division in opinion between the judges thereof.

It was an action of assumpsit on the money counts brought by the plaintiffs against the defendant as collector. Upon the trial, the division in opinion between the judges occurred, which is stated in the opinion of the court.

It was submitted on the record, no counsel appearing for either party.

Mr. Justice WAYNE delivered the opinion of the court.

This case comes to this court under a certificate of division of opinion from the Circuit Court of the United States for the southern district of the State of New York.

*Irvine et al.* v. *Redfield.*

The point made is, "*whether, by the period of exportation of merchandise from a foreign country to the United States, as used in the act of Congress entitled, ' An act to amend the acts regulating the appraisement of imported merchandise, and for other purposes,' approved the 3d March,* 1851, *was to be taken to mean the time when the merchandise had been laden aboard a general ship, and the bill of lading therefor given in the foreign port, or at the time when said ship actually departed from said foreign port, destined to the United States.*"

The facts in the record are, that the ship Henry Buck was a general ship at the port of Glasgow, in Scotland, in the month of May, 1855, destined for the port of New York, in the United States. That the plaintiff, on the 9th May, 1855, bought three hundred tons of Coltness pig iron, at the then wholesale market price of sixty-four shillings sterling per ton, and immediately commenced to load the same aboard the ship, and that the iron was all laden and bills of lading given for it on the 22d May, 1855, on which day the market price of such iron had risen to sixty-nine shillings per ton; that the ship remained in port, and sailed from Glasgow on the fourth of June, 1855, on which day the market price of such iron had risen to seventy-four shillings and sixpence sterling per ton; and that, on the arrival of the ship in the United States, the iron was appraised at the custom-house at the market price of twenty-four shillings and sixpence sterling per ton. On that valuation the defendant collected duty, and twenty per cent. on such value, in conformity with the 8th section of the act of Congress entitled, "An act reducing the duty on imports, and for other purposes," approved the 30th July, 1846.

This court considered two years since in the case of Sampson *v.* Peaslee, 20 Howard, 571, the meaning the acts of Congress of the 30th July, 1846, and that of the 3d March, 1851, for the collection of duties upon imported goods, and when and upon what twenty per centum should be charged upon an under-valuation made by an importer in his entry of merchandise. It announced then, that if the appraised value of imports which have actually been purchased shall exceed by ten per centum or more the value of them declared upon the en-

try, then, in addition to the duties imposed by law upon the value of the same, there shall be levied, collected, and paid, a duty of twenty per centum *ad valorem* on such appraised value. That the additional value of twenty per centum could only be levied upon the appraised value, and not upon charges and commissions added to it. Also, that the day of the sailing of a vessel from a foreign port is the true period of exportation of the goods; and that the Secretary of the Treasury had given a proper interpretation of the statute, in directing it to be done on the market value of the goods imported on the day of the sailing of the vessel, and that he was authorized by law to give such a direction.

We see no cause now for a different interpretation of the statute, and direct that the question certified to this court be answered, "that the duties upon foreign merchandise are to be computed on their value on the day of the sailing of the vessel from the foreign port, and that the value for the compution is the wholesale market price there on such day."