No. 58409.—Carson M. Simon & Co. v. United States, protest 204012–K (Philadelphia).

EKWALL, Judge: This case involves the question of the proper rate at which the currency of the invoice covering an importation from England into the port of Philadelphia should be converted into United States dollars under section 522 of the Tariff Act of 1930 and the pertinent provisions of the Customs Regulations of 1943 at that time effective. (Sec. 16.4 (b) and sec. 14.3 (b).)

The collector of customs, in liquidation, adopted a rate of $4.027500, which was the rate in effect and certified by the Federal Reserve Bank of New York for September 7, 1949, the date of the certification of the consular invoice. Plaintiff claims in an amendment to the protest that the proper rate was the daily buying rate for the British pound sterling, as certified for September 23, 1949, i. e., $2.801171.

Section 522, supra, and the pertinent provisions of the Customs Regulations of 1943, with reference to determining the date of exportation for currency conversion purposes, are as follows:

SEC. 522 (31 U. S. C. § 372). CONVERSION OF CURRENCY.

(a) VALUE OF FOREIGN COIN PROCLAIMED BY SECRETARY OF TREASURY.—The value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the Director of the Mint and be proclaimed by the Secretary of the Treasury quarterly on the 1st day of January, April, July, and October in each year.

(b) PROCLAIMED VALUE BASIS OF CONVERSION.—For the purpose of the assessment and collection of duties upon merchandise imported into the United States on or after June 17, 1930, wherever it is necessary to convert foreign currency into currency of the United States, such conversion, except as provided in subdivision (c), shall be made at the values proclaimed by the Secretary of the Treasury under the provisions of paragraph (a) of this section, for the quarter in' which the merchandise was exported.

(c) MARKET RATE WHEN NO PROCLAMATION.—If no such value has been proclaimed, or if the value so proclaimed varies by 5 per centum or more from a value measured by the buying rate in the New York market at noon on the day of exportation, conversion shall be made at a value measured by such buying rate. * * *

Customs Regulations of 1943:

Sec. 16.4 Conversion of currency.—(a) * * *

(b) The date of exportation for currency conversion shall be fixed in accordance with section 14.3 of these regulations.

Sec. 14.3 Appraisement of merchandise; determination of value.—(a) * * *

(b) The time of exportation referred to in section 402 of the tariff act is the date on which the merchandise actually leaves the country of exportation for the United States.[5] * * *

Counsel at the hearing submitted the case upon the following stipulation:

* * * that the consular invoice covering the merchandise under this protest was certified on September 7, 1949 at which time the daily exchange rate for the British Pound certified by the Federal Reserve Bank of New York was 4.0275.

That said merchandise was mailed parcel post in England addressed to the United States; that it actually left England on the S/S BRITTANICA on September 23, 1949 at which time the daily buying rate certified by the Federal Reserve Bank of New York was 2.801171.

[5] If the merchandise is shipped directly by water from the country of export, the date of the sailing of the vessel is the date of exportation. * * *

The the proclaimed rate on both September 7, 1949 and September 23, 1949 varied by more than 5% measured by the buying rate in the New York market at noon on the date of exportation.

That the country of exportation was England.

In determining the date of exportation for purposes of currency conversion, the rule is that the date of exportation is the last date on which the importing vessel sailed from the country of exportation. *Forman* v. *Peaslee*, 9 Fed. Cas. 452; *Sampson* v. *Peaslee*, 61 U. S. (20 How.) 571; *Irvine* v. *Redfield*, 64 U. S. (23 How.) 170; *Roessler & Hasslacher Chemical Co.* v. *United States*, 1 Ct. Cust. Appls. 290, T. D. 31353; *B. H. Dyas Corporation et al.* v. *United States*, 56 Treas. Dec. 268, T. D. 43600.

In view of the fact that counsel have agreed that the instant importing vessel actually left England on September 23, 1949, and that the buying rate certified by the Federal Reserve Bank of New York on that day was $2.801171, we sustain plaintiff's claim that such rate constitutes the lawful rate of conversion for the currency of the invoice here involved.

Judgment will be rendered accordingly.