BEFORE THE THIRD DIVISION, OCTOBER 28, 1954

**No. 58456.**—Alex. Murphy & Co. *v.* United States, protest 207759–K (Philadelphia).

EKWALL, Judge: This case involves the question of the proper rate at which the currency of the invoice covering an importation of linen handkerchiefs from Belfast, Ireland, should be converted into United States dollars under section 522 (c) of the Tariff Act of 1930. It has been submitted upon the following stipulation of counsel:

* * * that consular invoice covering the merchandise under protest was certified on September 16, 1949 at which time the daily exchange rate for the British Pound Sterling certified by the Federal Reserve Bank of New York was 4.027539.

That the merchandise was mailed parcel post in England addressed to the United States on September 24, 1949 and that the merchandise actually left England on September 24, 1949 on the S/S BATORY.

That September 24, 1949 was a Sunday or legal holiday and that the daily buying rate at noon on September 23, 1949 certified by the Federal Reserve Bank of New York was 2.801171.

That the proclaimed rate on the pound on both September 16, 1949 and September 24, 1949 varied by more than 5% measured by the buying rate in the New York market at noon on the day of exportation. * * *

That the country of exportation was England.

It is well established that the date of exportation is fixed by the last sailing of the importing vessel from the country of exportation. *Forman* v. *Peaslee*, 9 Fed. Cas. 452; *Sampson* v. *Peaslee*, 61 U. S. (20 How.) 571; *Irvine* v. *Redfield*, 64 U. S. (23 How.) 170; *Roessler & Hasslacher Chemical Co.* v. *B. H. Dyas Corporation et al.* v. *United States*, 56 Treas. Dec. 268, T. D. 43600. The record before us discloses that the merchandise was exported from Belfast, Northern Ireland, and actually left England on the SS. *Batory*, which sailed on September 24, 1949, which was a holiday. Inasmuch as counsel have agreed that the daily buying rate at noon on September 23, 1949, as certified by the Federal Reserve Bank of New York (section 522 (c) *supra*), was $2.801171 and that the proclaimed rate varied by more than 5 percent therefrom, we hold that the rate certified for said September 23, 1949, should have been used in the conversion of the currency of the invoice herein. We interpret the statement in the stipulation "That the country of exportation was England" to mean that the country of exportation was the United Kingdom of Great Britain and Northern Ireland.

Judgment will, therefore, be rendered in favor of the plaintiff.

**No. 58457.**—Hulse Import Co. and West Coast Distributors, Inc. *v.* United States, protests 132180–K and 116934–K (San Francisco).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), and *United States* v. *The Josebra Company* (41 C. C. P. A. 206, C. A. D. 552), the claim of the plaintiffs was sustained.