NATIONAL SUGAR REFINING
COMPANY, Plaintiff,

v.

UNITED STATES, Defendant.

C.D. 4849;  Court No. 77–10–04300.

United States Customs Court.

March 27, 1980.

Curtis, Mallet-Prevost, Colt & Mosle, New York City (Robert D. Whoriskey, New York City, on briefs), for plaintiff.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., Joseph I. Liebman, New York City, Attorney in Charge, Field Office for Customs Litigation (Saul Davis, New York City, on briefs), for defendant.

BOE, Judge.

The issue to which the court directs its attention herein has its genesis in the Presidential Proclamations relating to the duties imposed on sugar imported into the United States under item 155.20, TSUS. On September 21, 1976, Presidential Proclamation 4463, modifying a prior proclamation, increased the duty on sugar imports. Subsequently on October 4, 1976, Presidential Proclamation 4466 was issued providing in part that the provisions of Presidential Proclamation 4463 " * * * shall not be effective with respect to articles exported to the United States before 12:01 A.M. (U.S. Eastern Daylight Savings Time), September 21, 1976, provided that such articles

are entered, or withdrawn from warehouse, for consumption on or before November 8, 1976."

To the imposition of the increased duty provided by Presidential Proclamation 4463 on the sugar imported into the United States from the Dominican Republic and entered for consumption on October 22, 1976, the plaintiff filed a protest which was denied by the Customs Service. It is upon the motion for summary judgment filed by the plaintiff and the cross-motion for summary judgment filed by the defendant with respect thereto that this proceeding is now before the court.

The facts upon which plaintiff's motion is predicated are presented by an "affidavit" made by plaintiff's counsel alleging in material part: (1) that the sugar which plaintiff had contracted to purchase was fully laden on a charter vessel at the port of Rio Haina, Dominican Republic, on September 20, 1976; (2) that local restrictions prohibited the charter vessel carrying the merchandise in question to sail from the port during night hours; (3) that the charter vessel bearing the merchandise in question departed the port of Rio Haina and the country of the Dominican Republic, "clearing the harbor," at 7:30 a. m., local time, on September 21, 1976.

The defendant in its cross-motion contends that a genuine issue exists as to material facts alleged in plaintiff's motion, precluding judgment in favor of plaintiff's motion for summary judgment.[1]

Notwithstanding that the record clearly indicates that certain facts alleged by the plaintiff are in dispute, this court, however, is satisfied that no issue as to a material fact remains. Accordingly, a determination of the motion and cross-motion submitted by the respective parties is appropriate.

It is undisputed that the vessel carrying the merchandise in question finally departed the port at which the sugar cargo was laden and the country of the Dominican Republic subsequent to 12:01 a. m. on September 21, 1976 (EST). The sole question presented for determination, therefore, is whether the merchandise in question, as contended by the plaintiff, was "exported to the United States before 12:01 A.M. * * September 21, 1976," within the intendment of Presidential Proclamation 4466. It is the opinion of the court that the answer must be in the negative.

"Exportation" has been defined by the United States Supreme Court as "[1] a severance of goods from the mass of things belonging to [the country of exportation] with [2] an intention of uniting them to the mass of things belonging to some foreign country." *Swan & Finch Co. v. United States*, 190 U.S. 143, 145, 23 S.Ct. 702, 703, 47 L.Ed. 984 (1903). Both the element of severance as well as the element of intent must not only exist but coincide in order to constitute an act of exportation. *Moore Dry Goods Co. v. United States*, 11 Ct.Cust. App. 449, T.D. 39531 (1923); *United States v. National Sugar Refining Co.*, 39 CCPA 96, C.A.D. 470 (1951); *Nassau Distributing Co. v. United States*, 29 Cust.Ct. 151, C.D. 1459 (1952).

The "severance of goods from the mass of things belonging to [the country of exportation]" has been construed by our appellate court as meaning that the goods in question have been physically carried out of the country of exportation. *See, e. g., National Sugar Refining Co.*, 39 CCPA at 101.

In the construction of our customs laws, the decisions of all courts have uniformly held that the date of exportation is that time at which the goods in question finally depart the country of exportation. *Roessler & Hasslacher Chemical Co. v. United States*, 1 Ct.Cust.App. 290, T.D. 31353 (1911); *Avakian Bros., Inc. v. United States*, 41 CCPA 80, C.A.D. 532 (1953); *D. N. & E. Walter & Co. v. United States*, 42

---

1. Defendant further contends that plaintiff's motion for summary judgment is supported only by an affidavit made by plaintiff's counsel asserting facts concerning which the affiant had no personal knowledge and which, accordingly, is inadmissible in evidence. Defendant has, therefore, treated plaintiff's affidavit as a Statement of Material Facts provided by the rules of this court.

CCPA 114, C.A.D. 582 (1955); *F. A. Salamy & Co. v. United States*, 42 Cust.Ct. 204, C.D. 2086 (1959); *Westway Trading Corp. v. United States*, 83 Cust.Ct. ——, C.D. 4826 (1979), *appeal pending*. As our appellate court has reasoned in *Avakian Bros., Inc.*, until the physical severance of the goods required in the act of exportation has been fully completed by their final departure from the country of exportation, the goods continue to remain within the jurisdiction of the exporting country, subject to search and seizure and such controls as might be exacted.

Of particular interest in connection with the instant proceeding is the case of *Sampson v. Peaslee*, 61 U.S. (20 How.) 571, 15 L.Ed. 1022 (1858). The physical acts referred to therein preparatory to the actual departure of the vessel carrying the exported merchandise are strikingly similar to the preparatory physical acts alleged by the plaintiff in the instant proceeding and upon which the plaintiff predicates its claim that the merchandise in issue was exported prior to the date provided by Presidential Proclamation 4466. In the *Peaslee* case the goods in question had been purchased by the buyer's agent, the merchandise fully loaded on the cargo vessel, the bills of lading issued, the vessel cleared at the customhouse and ready to sail on July 1. Because of insufficient wind, however, the ship could not sail until July 3. In construing the valuation statute of our customs laws, the Supreme Court, however, held that the date of exportation of the goods in question therein was the date the ship actually sailed, July 3.

In a case recently decided by this court the identical Presidential Proclamations were considered and interpreted with respect to the determination of a similar issue presented herein. *Westway Trading Corp. v. United States*, 83 Cust.Ct. ——, C.D. 4826 (1979), *appeal pending*. In conformity with the precedential decisions afore-referred to, the date of exportation therein

was determined to be the time at which the vessel carrying the merchandise in question finally departed the country of exportation.

Contrary to the assertion of the plaintiff, no indication has been evidenced by the courts that the determinations of the dates of exportation in *Avakian Bros., Inc.* and *D. N. & E. Walter & Co.* were peculiar to their being currency conversion and valuation cases respectively. As this court has stated in *Westway* with reference to these decisions, "[t]he reasoning of the courts therein, however, is equally applicable to and determinative of the date of exportation contained in Presidential Proclamation 4466 in the absence of accompanying language specifically indicating a construction otherwise." Slip op. at 10.

An examination of the decisions cited by the plaintiff reveals they are neither applicable to nor supportive of its contended construction of the term "exportation" in the instant proceeding. The plaintiff particularly relies on the meaning attributed to that term in the cases cited relating to the application of the provisions of Article 1, Sections 9 and 10 of the U.S. Constitution.[2] The date of exportation and the standard used by the courts in the determination thereof in connection with the application of the foregoing constitutional provisions upon merchandise intended for exportation reflect different purposes, and thus are not coextensive with, the date of exportation and the standard used by the court in the determination thereof for customs purposes. See *Roessler & Hasslacher Chemical Co.*, 1 Ct.Cust.App. at 292–93.

In view of the undisputed facts herein, establishing that the vessel carrying the merchandise in question departed the country of exportation at 7:30 a. m., local time, on September 21, 1976, this court concludes that said merchandise was not "exported to the United States before 12:01 A.M. * * * September 21, 1976," within

2. Article 1, Section 9, cl. 5 provides:

No Tax or Duty shall be laid on Articles exported from any State.

Article 1, Section 10, cl. 2 provides:

No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws: * * *.

the intendment of Presidential Proclamation 4466 and is, therefore, subject to the additional duty imposed by Presidential Proclamation 4463. The motion of the plaintiff for summary judgment is hereby denied, and the cross-motion of the defendant for summary judgment is granted.

Let judgment be entered accordingly.