**NATIONAL SUGAR REFINING COMPANY, Appellant,**

**v.**

**The UNITED STATES, Appellee.**

**Appeal No. 80–31.**

United States Court of Customs and Patent Appeals.

Dec. 3, 1981.

Robert D. Whoriskey and Edward A. Kotite, New York City, for appellant.

Thomas S. Martin, Acting Asst. Atty. Gen., David M. Cohen, Director, Joseph I. Liebman, Atty.-in-charge and Saul Davis, New York City, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Associate Judges.

MARKEY, Chief Judge.

National Sugar Refining Company (National Sugar) appeals from the judgment of the United States Court of International Trade[1] granting the United States' cross-motion for summary judgment and sustaining its position that the subject sugar was not exempt from increased duty under item 155.20, Tariff Schedules of the United States (TSUS) by Presidential Proclamation

---

1. The judgment of the United States Customs Court, now the United States Court of International Trade, is reported at —— Cust.Ct. ——, C.D. 4849, 488 F.Supp. 907 (1980).

(PP) 4466 issued October 4, 1976 viz. 41 Fed.Reg. 44031 (1976), modifying PP 4463 issued September 21, 1976 viz. 41 Fed.Reg. 41681 (1976). We affirm.

## Background

Raw sugar was laded at the port of Rio Haina, Dominican Republic, on September 20, 1976. It finally departed that port for the United States at 7:30 a.m., local time, September 21, 1976, and was entered for consumption at Philadelphia in late October 1976.

PP 4463 was issued on September 21, 1976, increasing the duty on sugar entered, or withdrawn from warehouse, for consumption on or after that date.[2] PP 4463 was filed with the Federal Register at 3:39 p.m. on September 21, 1976. On October 4, 1976, PP 4466 was issued, exempting from that increase sugar "exported to the United States before 12:01 a.m. . . . , September 21, 1976."[3]

When the sugar was entered for consumption, the Customs Service imposed the increased duty provided by PP 4463. National Sugar protested that assessment, urging that the sugar was exempt under PP 4466 from the increase.

Judge Boe of the Court of International Trade sustained the assessment, reasoning that because the sugar finally departed the Dominican Republic after 12:01 a.m., September 21, 1976, it was not "exported . . . before 12:01 a.m. . . ., September 21, 1976" within the intendment of PP 4466, citing *Westway Trading Corp. v. United States*, 83 Cust.Ct. ——, C.D. 4826, 483 F.Supp. 300 (1979). *Westway* was affirmed after judgment was issued below in this case. *Westway Trading Corp. v. United States*, 68 CCPA ——, C.A.D. 1254, 633 F.2d 1388 (1980).

## Issue

Whether the subject sugar is exempt under PP 4466 from the increased duties imposed by PP 4463.

## OPINION

National Sugar says the vessel was laden, bills of lading were issued, title passed, and the vessel was made ready to sail, all by 8:40 p.m., September 20, 1976; that but for local navigational restrictions prohibiting departure at night, the vessel would have departed the Dominican Republic before September 21, 1976; and that, because it had done all within its power to achieve exportation, the sugar was "exported to the

---

2. PP 4463 (September 21, 1976) (T.D. 76–309):

. . . . .

NOW, THEREFORE, I, GERALD R. FORD, . . . do hereby proclaim until otherwise superseded by law:

. . . . .

B. The rates of duty in rate column numbered 1 for items 155.20 and 155.30 of Subpart A, Part 10, Schedule 1 of the TSUS, are modified, and the following rates are established:

155.20 ...............1.9875¢ per lb. less 0.028125¢ per lb. for each degree under 100 degrees . . . but not less than 1.284375¢ per lb.

155.30 ...............Dutiable on total sugars at the rate per lb. applicable under Item 155.20 to sugar testing 100 degrees.

C. The provisions of this proclamation shall become effective with respect to articles entered, or withdrawn from warehouse, for consumption on and after the date of this Proclamation and shall remain in effect until the President otherwise proclaims or until otherwise superseded by law.

3. PP 4466 (October 4, 1976) (T.D. 76–309):

. . . . .

NOW, THEREFORE, I, GERALD R. FORD, . . . [in order to alleviate hardships which may result from increasing the rate of duty with respect to certain goods that were exported prior to the effective date of that Proclamation,] do hereby proclaim that paragraph C of Proclamation No. 4463 of September 21, 1976, is hereby amended to read as follows:

C. The Provisions of this Proclamation shall become effective with respect to articles entered, or withdrawn from warehouse, for consumption on and after September 21, 1976, and shall remain in effect until the President otherwise proclaims or until otherwise superseded by law. However, the provisions of this Proclamation shall not be effective with respect to articles exported to the United States before 12:01 A.M. (U.S. Eastern Daylight Savings Time), September 21, 1976, provided that such articles are en-

United States" before 12:01 a.m., September 21, 1976 within the intendment of PP 4466. National Sugar also says its having contracted to buy the sugar before September 21, 1976 is an additional basis for applying the exemption of PP 4466.

Citing Headnote 2, Subpart A, Part 10, Schedule 1 of the TSUS, National Sugar says PP 4463 was intended to protect the interests of domestic sugar producers by creating an economic incentive to purchase domestic sugar. Because imposition of a higher duty on those already contractually bound to buy foreign sugar when PP 4463 issued would not further that intent, National Sugar says the President must have intended by PP 4466 to relieve such persons of the increased duty.

Finally, National Sugar urges that because the first notice of PP 4463, that is, its filing with the Federal Register, occurred after the vessel had sailed from the Dominican Republic, PP 4463 should not be "retroactively" applied.

In response, the Government cites *Westway Trading Corp., supra*, in which this court, construing PP 4466, held that "exported to the United States before 12:01 a.m. . . ., September 21, 1976.", expressed a Presidential intent to exempt only sugar which had finally departed the country of exportation for the United States before that time and date.

National Sugar maintains that *Westway* is either in error or distinguishable because it did not discuss the protection of domestic producers intended in PP 4463. The ultimate issue in *Westway*, however,—construction of PP 4466—was identical to that presented here. We see, and have been shown, no reason to depart from the construction of PP 4466 adopted in *Westway* and applied by Judge Boe in this case.

National Sugar's assertion that PP 4466 was intended to provide relief to those who contracted to buy foreign sugar before September 21, 1976, or whose sugar was laded and ready for exportation before that date, is contradicted by the clear language of the

proclamation which exempts only sugar "exported to the United States" before 12:01 a.m. on September, 1976. The term "exported" has been uniformly interpreted to mean that merchandise so described has actually, finally departed the country of exportation. *See Westway, supra. See also Irvine v. Redfield*, 64 U.S. (23 How) 170, 16 L.Ed. 418 (1859); *Sampson v. Peaslee*, 61 U.S. (20 Haw.) 571, 15 L.Ed. 1022 (1857). There is no evidence that the President intended a different meaning here. On the contrary, it is reasonable to infer that the President was aware of the uniform interpretation of "exported" when he used that term in PP 4466, and that appropriate language would have been included if the Presidential intent had been that asserted by National Sugar.

National Sugar says it presents here a question not confronted in *Westway*, that is, how may PP 4463 and PP 4466 be interpreted to insure that both will have their intended effect. It is undisputed that PP 4463 was intended to protect domestic producers. As indicated above and in *Westway*, PP 4466 was intended to exempt only sugar that had been *exported* before 12:01 a.m. on September 21, 1976. If application of PP 4466 to a particular shipment contracted for before the effective date of PP 4463 did not appear to fully meet the protective intent of PP 4463 in that particular instance, it would not necessarily follow that the present interpretation of "exported" creates a conflict between the proclamations. First, secondary purchasers may be led to prefer domestic sugar over that particular shipment because of the higher duty imposed when it was entered. Second, that National Sugar's contract removed it as a purchaser of that amount of sugar on the domestic market at the time of the contract bears no relation to the intent of PP 4463 of protecting domestic producers against entries occurring after its effective date. Finally, nothing in PP 4466 indicates any intent to exempt, for any reason, sugar exported after 12:01 a.m. on September 21, 1976, whether that sugar was earlier con-

tered, or withdrawn from warehouse, for

consumption on or before November 8, 1976.

tracted for, laden, ready to depart, had its title passed, or was otherwise treated. Thus the present interpretation of PP 4463 and PP 4466 presents no impediment to achievement of the intended effect of both.

 That PP 4463 was filed with the Federal Register at 3:39 p.m., and thus after the vessel had sailed, is irrelevant. PP 4463's provision for increased duties was applicable to sugar entered for consumption into the United States and bore no relation to dates of exportation. The sugar here involved was entered for consumption into the United States well after the effective date (September 21, 1976) of PP 4463. Thus PP 4463 was not, as appellant argues, "retroactively" applied to the present entry. The introductory paragraphs of PP 4466 refer to the "effective date" of PP 4463, and the first sentence of the amendment proclaimed in PP 4466 makes the increased duties of PP 4463 applicable to articles entered "on or after September 21, 1976". The provision exempting articles from increased duty on the basis of exportation, however, does not refer to any "effective date" of PP 4463. The exemption provision based on exportation includes a specific date and time before which exportation must have occurred. The provision thus stands on its own and is unaffected by whatever time of day on which the increased duty provisions of PP 4463 became effective.

### Conclusion

Because the sugar involved here was entered for consumption after the effective date of PP 4463 it was subject to the increased duty imposed by that proclamation. Because the sugar did not depart, i.e., was not exported from, the Dominican Republic until 7:30 a. m., September 21, 1976, it remained subject to the increased duty imposed by PP 4463 and was not exempted by PP 4466. Accordingly, the judgment of the Court of International Trade is *affirmed.*